## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

   v.

Chen

November 7, 2002

Case No. K101486

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on October 30, 2002, on Defendant's Motion to Suppress statements given by Defendant to Detective Shillingford of the Fairfax County Police following the Defendant's arrest on March 29, 2002. This matter was taken under advisement to determine whether the Defendant's Motion should be sustained. For the reasons stated in this letter opinion, the Motion to Suppress is granted.

The testimony and argument is set out in detail in the record of this case. The salient facts, not in dispute, show that Detective Shillingford and Detective Wallace arrived at Defendant's residence on March 29, 2002. Detective Shillingford announced to Defendant that he was under arrest. Defendant Chen asked if the Detective had a warrant. Shillingford showed Defendant the arrest warrant. Upon entering Defendant's residence, the Detectives placed Defendant against the hall wall and handcuffed him. Defendant Chen was moved to the living room. At that time, Detective Shillingford saw Defendant's daughter and a young friend coming down the stairs. Shillingford went up the stairs and brought the children back upstairs. Shillingford testified that Detective Wallace sought him out and told him that Defendant had requested an attorney. Shillingford testified that Defendant

Chen had said: "Can I call my lawyer?" Testimony varied as to whether Defendant said "my" lawyer or "a" lawyer. In response to this request to call a lawyer, Detective Shillingford ignored the defendant's request and advised the Defendant to "let me explain what is going on." Mr. Chen was not thereafter permitted to call an attorney.

Mr. Chen was transported to the Criminal Investigation Bureau of Fairfax County Police and taken to an interrogation room. Detective Shillingford read the defendant his *Miranda* rights from a printed form and had the Defendant initial each right and execute the form.

Detective Shillingford advised Mr. Chen that he "knew what had happened, he just wanted to know why," to which Mr. Chen responded "I don't want to talk about it." Detective Shillingford pursued further inquiry as to why Mr. Chen did not want to talk about it. Specifically, Detective Shillingford inquired if it was "too painful to talk about." Mr. Chen responded it was "too painful, I don't want to talk about it." Detective Shillingford testified that he then continued with his interrogation in accordance with his predetermined "theme of the interrogation," in essence a "Christian burial speech." See *Brewer v. Williams*, 430 U.S. 387, 51 L. Ed. 2d 424, 97 S. Ct. 1232 (1977). Shillingford told Mr. Chen it was painful for many people and that he would hunt for Mr. Chen's deceased parents' bodies, would find them, and ensure they were transported back to Taiwan for a proper burial.

Mr. Chen thereafter made both an oral statement and a tape-recorded statement immediately following the oral statement. It is this statement that Mr. Chen seeks to suppress.

### Analysis

There are two core issues to be decided in this suppression motion: (1) whether Mr. Chen's statement, "Can I call my (a) lawyer," was sufficiently clear and unambiguous to invoke his right to counsel, and (2) whether the police scrupulously honored Mr. Chen's Fifth Amendment right to remain silent and to exercise his Fifth Amendment protections by ceasing their questioning of him.

### Right to Counsel

In order to invoke the right to counsel, a suspect must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. *Davis v. United States*, 512 U.S. 452, 459, 129 L. Ed. 2d 362, 114 S.

Ct. 2350 (1994). If a suspect requests counsel, he is not subject to further questioning until a lawyer has been made available or the suspect reinitiates conversation. *Edwards v. Arizona*, 451 U.S. 477, 484-85, 68 L. Ed. 2d 378, 101 S. Ct. 1880 (1981).

Unlike the myriad of cases which hold that defendants' statements were ambiguous and equivocal and not a request for counsel,[1] this Court finds, upon the facts in this case, that Mr. Chen's request to call his attorney, stated immediately upon arrest, was an unambiguous request for counsel, an articulation of his desire to have counsel present, and sufficiently clear that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney.

The Commonwealth cited *Redmond v. Commonwealth*, 264 Va. 321, 568 S.E.2d 695 (2002), in support of its contention that the statement of the Defendant, "Can I speak to my lawyer?", was not sufficiently clear to invoke his rights. However, *Redmond* is factually different from the instant case. In *Redmond*, the Virginia Supreme Court found that the statements made by Redmond, "Can I speak to my lawyer? I can't even talk to a lawyer before I make any kinds of comments or anything?", after he was read his *Miranda* Rights, were ambiguous and equivocal and, at best, could be construed as a desire on Redmond's part to obtain more information about his *Miranda* Rights. The police officer responded by saying Redmond could do anything he liked, that he had the freedom to do anything he wanted, that he could talk or not talk. In addition, Redmond, when questioned during the same detention concerning a separate case, invoked his right to counsel by stating "I would like to speak to a lawyer on this one." This request was honored and the inquiry terminated.

In the instant case and unlike in *Redmond*, Defendant Chen made the request "Can I call my lawyer?" almost immediately after the police had entered his home to arrest him. In response to his request to call counsel, Chen was not informed that he could do anything he liked, as in Redmond. He was diverted from his request to

---

[1] (1) "Didn't you say I have the right to an attorney?" was found ambiguous; *Poyner v. Commonwealth*, 229 Va. 401, 410, 329 S.E.2d 815, 823, *cert. denied*, 474 U.S. 865 (1985). (2) "You did say I could have an attorney if I wanted one?" was found ambiguous; *Eaton v. Commonwealth*, 240 Va. 236, 252-54, 397 S.E.2d 385, 395-96 (1990). (3) "Do you think I need an attorney here?" was found ambiguous; *Mueller v. Commonwealth*, 244 Va. 386, 396-97, 422 S.E.2d 380, 387 (1992). (4) "I'll be honest with you, I'm scared to say anything without talking to a lawyer." was found ambiguous; *Midkiff v. Commonwealth*, 250 Va. 262, 267, 462 S.E.2d 112, 115-16 (1995). (5) "Maybe I should talk to a lawyer." was found ambiguous; *Davis v. United States*, 512 U.S. 452, 455 (1994).

call his attorney and instead, was made to acquiesce to the Investigator's agenda. Shillingford told Chen to first let the police explain to him what was going on and was subsequently never allowed to call his lawyer.

While the Virginia Supreme Court found that Redmond had not articulated his desire to have counsel present sufficiently clearly so that the police could understand it, the facts, in this case, show that Chen's statement was unambiguous and understandable. Defendant Chen's statement was sufficiently clear and unequivocal to compel Detective Wallace to seek out Detective Shillingford in Chen's house and report to him that Chen wanted an attorney. Chen's desire to have counsel present was sufficiently clear that a reasonable police officer, Detective Wallace, understood the statement to be a request for an attorney as evidenced by his immediate notification to Detective Shillingford that Chen had requested an opportunity to contact his attorney.

The Commonwealth argues that Mr. Chen's execution of the subsequent statements and willingness to talk established that he did not clearly invoke his right to counsel. An accused's subsequent statements are not relevant to the question of whether he invoked his right to counsel. A statement either asserts or fails to assert an accused's right to counsel. *Smith v. Illinois*, 469 U.S. 91, 97-98, 83 L. Ed. 2d 488, 105 S. Ct. 490 (1984) (cited in *Commonwealth v. Redmond* at 698). Defendant Chen unambiguously and unequivocally invoked his right to counsel.

*Fifth Amendment Right to Remain Silent*

The Defendant argues that his Fifth Amendment right to remain silent was not scrupulously honored by the police. Mr. Chen asserts that, despite his signing the form entitled Warning and Consent, Detective Shillingford did not honor his right to remain silent and did not cease questioning him.

Detective Shillingford candidly testified that his "interrogation theme" was developed based upon his interviews of several witnesses during his investigation and on his belief that Mr. Chen was in emotional pain over the alleged murder of his parents and brother. It was this theme that Shillingford admittedly exploited to obtain a confession from Mr. Chen. Detective Shillingford readily admitted that he continued questioning Mr. Chen after the Defendant's statement "I don't want to talk about it." In fact, it was this refusal to talk about the charged crimes that prompted Shillingford to begin the implementation of his interrogation theme by asking: "Is it too painful?"

Mr. Chen responded to Shillingford's inquiry by stating that it was too painful and, for a second time, that he "did not want to talk about it." Both the Commonwealth and Detective Shillingford admit that the interrogation

continued after Chen's statements indicating that he did not want to talk about it. At this point, Shillingford pressed forward with his interrogation theme statements concerning "proper burial" for Mr. Chen's parents, "transport of the bodies when found back to Taiwan" and other such statements consistent with the interrogation theme. These statements constituted interrogation. *Brewer v. Williams*, 430 U.S. 387 (1977).

A defendant may invoke his right to remain silent either prior to or during interrogation. *Michigan v. Mosely*, 423 U.S. 96 (1975). Once invoked, the police must scrupulously honor a defendant's right to remain silent. *Id.* Mr. Chen's statement, "I do not want to talk about it," cannot be viewed as anything other than an invocation of his right to remain silent. It was a clear and unambiguous statement that he did not want to speak about the very issue that was obviously the topic of Detective Shillingford's interrogation.

The evidence is clear in this case that Investigator Shillingford was aware that Mr. Chen asked to contact his attorney and to thereafter deal with the police only through counsel and that Defendant Chen had, after signing the *Warning and Consent* form, indicated he "did not want to talk about it." Yet, Detective Shillingford continued to interrogate Chen.

If defendants could be subjected to continued interrogation after invoking any of the enumerated "*Miranda*" rights, these rights would have no value. Indeed, it was exactly this type of continued questioning and disregard for the assertion of a defendant's rights that was the basis for the United States Supreme Court's decision in *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), and its progeny. In *Miranda*, the Court held that, if the accused requests counsel, "the interrogation must cease until an attorney is present." And, if the accused indicates that he wishes to remain silent, "the interrogation must cease." *Id.* at 474. The Defendant's Motion to Suppress the statements obtained on March 29, 2002, is granted.